NOT DESIGNATED FOR PUBLICATION

Nos. 116,059
116,060
116,061
116,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAYLA DANIELLE STOKES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed August 11, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM: Kayla Danielle Stokes appeals from the district court's decision to revoke her probation and to reinstate her original sentence in four criminal cases. On appeal, Stokes contends that the district court should have imposed an intermediate sanction instead of requiring her to serve the remainder of her original sentence. She argues that the district court did not state with particularity why it would not impose an

1

intermediate sanction. Based on our review of the record on appeal, however, we do not find that the district court erred. Thus, we affirm.

FACTS

This appeal involves four Sedgwick County criminal cases in which Stokes was convicted of various criminal acts committed in 2014 and 2015. While released on bond in her first two cases, Stokes broke into a dwelling and stole a television as well as a video game system. Ten days later, police arrested her for possession of a car with a stolen license plate, possession of drugs, and possession of forgery equipment. As a result, the State filed two new cases against Stokes, her bond was increased, and she remained in jail awaiting trial.

On November 5, 2015, Stokes pleaded guilty, pursuant to the terms of a plea agreement, to residential burglary; multiple counts of theft; multiple counts of forgery; multiple counts of identity theft; possession of methamphetamine; possession of paraphernalia for use; driving with a suspended or cancelled license; and driving with defective wipers or obstructed windshield or windows. The district court accepted Stokes' guilty plea and convicted her on all of the charges in the four cases. In addition, the district court released Stokes on her own recognizance pending sentencing.

Unfortunately, Stokes was once again unable to comply with the conditions of her release. The district court revoked her bond on February 4, 2016. The following week, Stokes filed a motion for dispositional departure, asking that the district court place her on probation. In addition to other reasons, Stokes cited drug addiction as a mitigating factor.

At the sentencing hearing, the district court granted Stokes' motion for dispositional departure and announced the following sentences:

2

- In Case No. 15 CR 2254, 32 months' imprisonment, suspended to 18 months of probation and drug treatment for up to 18 months, with 12 months of postrelease supervision;
- In Case No. 15 CR 2534, 19 months' imprisonment, suspended to 18 months of probation, with 12 months of postrelease supervision, to run concurrent with 15 CR 2254;
- In Case No. 15 CR 2849, 23 months' imprisonment and 12 months of jail time to run concurrent with prison time, both suspended to 24 months of probation, with 12 months of postrelease supervision, to run consecutive to 15 CR 2254 and concurrent with 15 CR 2534; and
- In Case No. 15 CR 3054, 19 months of imprisonment, suspended to 18 months of probation, with 12 months of postrelease supervision, to run concurrent with the other three cases.

As the sentences in Case No. 15 CR 2254 and Case No. 15 CR 2849 were to run consecutively, Stokes received an underlying sentence of 55 months of prison time with 24 months of postrelease supervision. The district court then suspended her sentence to 42 months of probation. As part of the terms of her probation, Stokes was to report to her probation officer as directed and to participate in drug evaluations as well as drug treatment. It appears from the record that Stokes was directed to report to her probation officer once a week.

Less than two months later, Stokes violated the terms of her probation by failing to report to her probation officer for the entire month of March 2016. The same judge that had granted dispositional departure to Stokes presided over the probation revocation hearing held on May 11, 2016. At the hearing, Stokes admitted that she failed to report to her probation officer as directed. However, she requested that the district court impose an intermediate sanction rather than the underlying sentence.

The district court found that Stokes' residential burglary conviction was a "community safety" concern. The district court also noted that based on her convictions, the presumptive sentence would have been imprisonment. In addition, the district court found that Stokes had shown that she would not benefit from probation based on her actions. Specifically, the district court noted her "demonstrated performance" and the way that she tended to "run" from her problems showed that she was "not going to benefit from a probationary program . . . ."

Following the hearing, the district court journalized its order finding that Stokes should serve her original sentence. The district court further found that it had "revoked [Stokes' probation] pursuant to K.S.A. 22-3716(c)(9) because of public safety or offender welfare." Accordingly, the district court remanded Stokes to the custody of the Secretary of Corrections.

ANALYSIS

It does not appear that Stokes faults the district court for revoking her probation under the circumstances presented. Rather, she contends that district court erred by failing to impose a graduated sanction instead of a prison sentence. Specifically, she argues that the district court did not state its rationale for its decision to impose the original sentence with sufficient particularity.

Generally, we review a district court's decision to revoke probation under an abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). However, a 2013 amendment to K.S.A. 22-3716 limits judicial discretion in probation revocation proceedings by requiring the district court to impose—subject to certain exceptions—graduated sanctions prior to imposing the original sentence. Whether the district court properly imposed a sentence after revoking an offender's probation involves

4

a question of law over which we have unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), a district court may impose the original sentence as a sanction for a probation violation if it "sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." Certainly, the district court in this case could have more clearly stated its rationale for its decision to impose the original sentence as a sanction for Stokes' admitted violations of the terms of her probation. Nevertheless, based on our review of the record on appeal, we find that the district court did set forth specific reasons to justify its finding that the public would be jeopardized and/or that Stokes' welfare would not be served by the imposition of an intermediate sanction.

The most fundamental rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained by reading the plain language of the statute and giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). As such, it is important to note that the plain and unambiguous language of K.S.A. 2016 Supp. 22-3716(c)(9) does not require any magic words. *State v. Davis*, No. 111,748, 2015 WL 2137195, at *3 (Kan. App. 2015), *rev. denied* 302 Kan. 1013 (2015). Rather, the statute requires "the *reasons* for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." (Emphasis added.) K.S.A. 2016 Supp. 22-3716(c)(9).

Here, a review of the record reveals that the district court articulated the reasons for its decision. The district court found that instead of reporting to her probation officer as required, she "tried to hide out" and "ran from [her] responsibilities." The district court expressed its concern for "community safety" because one of Stokes' convictions—

5

committed while she was free on bond for her first two criminal cases—was for the burglary of a residence. As the record indicates, while Stokes was awaiting trial in Case No. 15 CR 2254 and Case No. 15 CR 2534, she broke into a dwelling and stole a television set as well as a video game system. We note that burglary of a dwelling in violation of K.S.A. 2015 Supp. 21-5807(a)(1)—one of the numerous crimes to which Stokes pleaded guilty—is a person felony.

In addition to finding "community safety" concerns, the district court went on to find that because of Stokes "demonstrated performance"—or lack thereof—that she would not benefit "from a probation program." Specifically, the district court found:

> [Y]ou have not participated in probation . . . and based upon your demonstrated performance and the way you think about things, and if you are scared you run . . . I'm finding that you are not going to benefit from a probation program. . . . I gave you a chance at probation. You ran from your responsibilities.

A review of the record shows that in addition to violating the terms of her probation by failing to report to her probation officer for an entire month, Stokes had violated the terms of her conditions for release pending trial—including the commission of a residential burglary—while her criminal cases were pending. In addition, she violated the conditions of her release—and the district court again revoked her bond—while she was free from jail awaiting sentencing. We find that her numerous violations of the terms of conditional release, combined with her probation violation, demonstrate her unwillingness or inability to comply with the terms of her probation.

Certainly, the district court would have been better served to have used words drawn directly from the statute. Nevertheless, the findings and conclusions stated on the record were sufficient to express the particular *reasons* why the district court believed that the imposition of an intermediate sanction jeopardized the safety of members of the public. Likewise, the findings and conclusions stated on the record were sufficient to

6

express the particular *reasons* why the district court believed that the imposition of an intermediate sanction would not benefit Stokes' welfare.

Affirmed.